■ DONNA NAPOLITANO, Appellant, v COUNTY OF SUFFOLK et al., Respondents, et al., Defendants. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), entered June 16, 1981, which (1) set aside a jury verdict in her favor against defendants County of Suffolk and Police Department of the County of Suffolk; and (2) dismissed the complaint against said defendants as a matter of law. Judgment reversed, without costs or disbursements, the jury verdict in favor of plaintiff and against defendants County of Suffolk and Police Department of the County of Suffolk, is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in accordance herewith. The instant action arose out of the motor vehicle accident which occurred on December 27, 1975. The plaintiff was a passenger in a car which struck a horse while the car was traveling northbound on Route 231 (Deer Park Avenue), a State highway patrolled by defendant Police Department of the County of Suffolk. Plaintiff instituted suit alleging negligence against several defendants, and settled with all the defendants except the County of Suffolk and the Police Department of the County of Suffolk. Plaintiff's action against these two defendants proceeded to trial and was submitted to the jury, which returned a verdict in favor of plaintiff against the said defendants on the issues of negligence and proximate cause. The jury also fixed damages in plaintiff's favor in the amount of $2,218,722.89, of which total the said defendants were held liable for 10%. Thereafter, the County of Suffolk and the Police Department of the County of Suffolk moved pursuant to CPLR 4404 (subd [a]) for an order setting aside the

verdict and directing that judgment be entered in their favor against the plaintiff. Trial Term granted their motion on the ground (citing numerous authorities) that (1) "a municipality acting in its governmental capacity cannot be liable for damages for the failure to furnish adequate police protection to a specific individual * * * [u]nless a plaintiff can demonstrate * * * that a defendant municipality owed the plaintiff a 'special duty'"; and that (2) no such special duty was demonstrated in the instant action. Although we agree with Trial Term that no special duty was owed by the county to plaintiff, we are of the view that the jury verdict in favor of plaintiff and against said defendants must nevertheless be reinstated. The gravamen of plaintiff's action was that the Police Department of the County of Suffolk (as the agent of the County of Suffolk) had actual knowledge that a horse was loose on Deer Park Avenue and that it failed to take reasonable safety measures with regard thereto, including the closing of an appropriate section of Route 231, thereby causing the accident. The proof adduced by plaintiff with respect to that allegation raised a question of fact for the jury's resolution, and its verdict was amply supported by the record (see *Shinder v State of New York,* 84 AD2d 252). Accordingly, the jury verdict must be reinstated. We have reviewed plaintiff's remaining contention, i.e., the inadequacy of damages, and find it to be without merit. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.